| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY | |
|---|---|
| | **Order Filed on June 12, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| | Case No.:  22-18082 (VFP) |
| | Chapter:  7 |
| In Re:<br><br>JORGE ENRIQUE BUSTOS,<br><br>Debtor. | Hearing Date:  June 4, 2024<br><br>Judge:  Vincent F. Papalia |

### MEMORANDUM DECISION AND ORDER ON REMAND

**APPEARANCES**

Jorge Enrique Bustos
8 Randolph Ave.
Dover, NJ 07801
*Pro Se*

Danielle Boyle-Ebersole, Esq.
Hladik, Onorato & Federman, LLP
1451 Chews Landing Road, Suite 100
Laurel Springs, NJ 08021
*Counsel for U.S. Bank Trust, N.A.,
as Trustee for LSF9 Master Participation Trust*

**Honorable Vincent F. Papalia, Bankruptcy Judge:**

This matter is before the Court on the Remand Order, entered by the District Court on March 26, 2024 (*Dkt. No.* 67), with respect to the appeal by the *pro se* Debtor, Jorge Enrique Bustos (the "Debtor" or "Mr. Bustos"), of this Court's November 22, 2022 Order Vacating the Automatic Stay (the "Lift Stay Order") in favor of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank"). *Dkt. No.* 25. On appeal, the Debtor challenged the admissibility of the Sheriff's Deed that was submitted in support of U.S. Bank's Motion for Relief

from the Automatic Stay (the "Stay Relief Motion" or the "Motion") and that was relied on by this Court as part of the evidence that led to the entry of the Lift Stay Order. The District Court's Remand Order (the "Remand Order" or the "Remand") specifically describes the "two tightly limited purposes" that are subject to the Remand as follows:

> First, ensuring that the record is clear as to how, if at all, the relevant copy of the deed came into evidence before the Bankruptcy Court. Second, if the copy of the deed did not properly come into evidence before the Bankruptcy Court, how, i[f] at all, it might now come into evidence before the Bankruptcy Court.

*Dkt. No.* 67 at 1.

### A. Summary of Proceedings After the Remand Order

After receiving the Remand Order, this Court scheduled and held a status conference on April 23, 2024 (the "Status Conference"). During the Status Conference, the Court established a schedule for the parties to address the two specific issues identified in the Remand Order. *Dkt. No.* 72. In accordance with the Court's directive at the Status Conference, U.S. Bank submitted its Letter Response on May 7, 2024, as to which the Debtor submitted his Response on May 21, 2024, with U.S. Bank filing its Reply on May 28, 2024. *See Dkt. Nos.* 73; 74; 75. These submissions are summarized below.

#### (i) U.S. Bank's Response

U.S. Bank asserts that the record sufficiently demonstrates how the copy of the deed (the "Copy of the Deed") came into evidence before the Bankruptcy Court under Federal Rules of Evidence ("FRE") 1005 and 902(4). *Dkt. No.* 73 at 1-2. U.S. Bank states that it acquired ownership of the subject property that was owned by the Debtor (the "Property") through a sheriff's sale (the "Sheriff's Sale"), with the deed issued by the Morris County Sheriff and recorded in the Morris County Clerk's Office. *Id.* at 1. U.S. Bank argues that the Copy of the Deed may be admitted under

FRE 1005 and 902(4) as a certified copy of a public record. *Id.* at 2. In support of this argument, U.S. Bank states that its counsel certified that the Copy of the Deed was true and correct, notwithstanding the fact that it was labeled with a watermark stating it is an unofficial document. *Id.* U.S. Bank further asserts that its counsel affirmed the authenticity of the Copy of the Deed under oath and penalties of perjury per Federal Rule of Bankruptcy Procedure ("FRBP") 9011, even though the Stay Relief Motion was supported only by the uncertified statement of its counsel which attached the unofficial Copy of the Deed.[1] *Id.* at 2. *See also Dkt. No.* 66 at 3-5. U.S Bank asserts that the Court accepted the Copy of the Deed into evidence based on this certification and testimony. *Dkt. Nos.* 66 at 3-5; 73 at 2.

As an alternative or additional argument, U.S. Bank submitted with its Response a certified copy of the Sheriff's Deed (without a watermark) as a Supplemental Exhibit (the "Supplemental Copy of the Deed") in support of the Deed's admissibility. *Dkt. No.* 73 at 3, Ex. A. U.S. Bank

---

[1] This argument may derive from the November 17, 2022 hearing on the Stay Relief Motion, during which the Court stated that:

> [T]he bank has certified that, you know, under penalties of perjury, that the sale occurred on January 6th and the deed was recorded. So, I don't – I mean, and I don't have anything else other than that. And I understand what you're saying. It does say this is not an official document. But, what they're saying is, a sheriff's sale occurred on January 6th and the deed was delivered – well, it was signed [o]n February 14th, and it was delivered.

*Dkt. No.* 66 at 4 lns. 13-20. This Court recognizes that it overstated the effect of an uncertified statement made by U.S. Bank's counsel in the Stay Relief Motion when the Court indicated that it was made under penalties of perjury. In making this statement, the Court was referring to FRBP 9011, which provides that by presenting a paper to the Court, an attorney is certifying to the best of his or her knowledge, information and belief that the legal and factual contentions contained in the paper are not being submitted for any improper purpose, are warranted and have evidentiary support. FRBP 9011(b). Under FRBP 9011(c), if a paper is submitted for any of these improper reasons, the submitter is subject to appropriate sanctions.

argues that the Supplemental Copy of the Deed satisfies FRE 1005 and 902(4) because it includes a certification with a seal and signature from the Morris County Clerk stating that:

> [T]he foregoing is a true copy of the record of a Sheriff Deed [from the Morris County Sheriff to U.S. Bank] as fully and entirely as the same remains of record in my office in Book 24421 of Deeds [f]or said County, on page 1383[.]

*Dkt. No.* 73-1 at 9 (reformatted).

### (ii) Debtor's Response

The Debtor argues that the Court did not properly admit the Copy of the Deed into evidence based on any certification of U.S. Bank's counsel and that he has not consented to this limited remand. *Dkt No.* 74 at ¶¶ 1, 3. More specifically, the Debtor argues that U.S. Bank has still not submitted a properly certified Deed that may be admitted into evidence because:

> [U.S. Bank] use a copy of the deed that was not either (1) "certified as correct in accordance with Rule 902(4)[."] The copy of the Deed had a watermark stating, "This is not an official document," and/or (2) "testified to be correct by a witness who has compared it with the original," therefore U.S. Bank was not a witness who compared it to the original. In U.S. Bank's letter response, it states quoted "counsel for U.S. Bank certified that it was a digital download of the recorded deed" end of quotation. When did the comparison between the original deed and the digital download deed take place?

*Id.* at ¶ 2 (reformatted). The Debtor asserts that by attaching "a certified copy of the deed (without the watermark)" (i.e., the Supplemental Copy of the Deed), U.S. Bank is "admitting then that there was an error in the original evidence." *Id.* at ¶ 4.

### (iii) U.S. Bank's Reply

In its Reply, U.S. Bank asserts that electronically filing Motions for Relief from the Automatic Stay in Bankruptcy Courts is common practice and that these filings typically attach digitally downloaded recorded documents as exhibits. *Dkt. Nos.* 66 at 3-4; 75 at 2. U.S. Bank then

goes on to essentially repeat the same arguments it made in its original Response to the effect that: (i) U.S. Bank certified (through its counsel) that the Copy of the Deed with the watermark as true and correct by testifying under FRBP 9011 and the penalties of perjury; and (ii) assuming arguendo that the Court found the Copy of the Deed did not properly come into evidence under FRE 1005 and 902(4), U.S. Bank has now satisfied those Rules by providing the Supplemental Copy of the Deed (without the watermark), as certified by the Morris County Clerk to support the Stay Relief Motion. *Dkt. No.* 75 at 2-3.

(iv) The June 4, 2024 Hearing

The Court conducted a hearing on the parties' submissions in connection with the Remand Order on June 4, 2024. At that hearing, the Court considered the oral argument of the parties and asked certain questions. In response to the Court's inquiry as to whether he had any argument that the Supplemental Copy of the Deed did not satisfy FRE 1005 and 902(4), Mr. Bustos candidly responded that he did not.

**B. Legal Analysis**

*1. FRE 1005 [Copies of Public Records to Prove Contents] and 902 [Evidence that is Self-Authenticating].*

FRE 1005 allows a party to "use a copy to prove the content of an official record – or of a document that was recorded or filed in a public office" if it was either "certified as correct in accordance with Rule 902(4) or is testified to be correct by a witness who compared it with the original[,]" and is otherwise admissible. FRE 902 lists certain types of self-authenticating evidence, including FRE 902(4), which states as follows:

> *Certified Copies of Public Records.* A copy of an official record —
> or a copy of a document that was recorded or filed in a public office
> as authorized by law — if the copy is certified as correct by:

> (A) the custodian or another person authorized to make the certification[.]

"Custodian" in FRE 902(4) refers to the person or entity with legal custody – not necessarily physical possession – and a person who has custody only of a copy cannot certify that it is a true and correct copy of the original. *See U.S. v. Weiland*, 420 F.3d 1062, 1073-74 (9th Cir. 2005). *See also* 31 FED. PRAC. & PROC. EVID. § 7138 (2d ed. 2024). Persons other than the custodian authorized to make a certification commonly are the deputy custodian or other officials with duties in the custodian's office. *See U.S. v. Bowers*, 920 F.2d 220, 223 (4th Cir. 1990) ("The real custodian is the agency, and those who signed the certifications had the agency's authority to search the records. So long as the sponsoring witness has full access and authority to search the public agency's computer data, conducts the search diligently, and is available for cross-examination about his access, authority, and diligence, the concern for trustworthiness embedded in the rules of evidence is satisfied"). *See also* 31 FED. PRAC. & PROC. EVID. § 7138 (2d ed. 2024).

### (a) Analysis under FRE 1005's Comparison Requirement

As noted, one of the ways FRE 1005 allows as evidence an "official record" is if the copy of the document was "testified to be correct by a witness who has compared it with the original." The Debtor correctly points out that neither the Copy of the Deed nor the Supplemental Copy of the Deed included testimony by a witness who compared the copy with the original. Therefore, the Copy of the Deed and/or Supplemental Copy of the Deed are not admissible under this aspect of FRE 1005. As a result, the Court analyzes whether either document satisfies FRE 902(4) so that it may properly come into evidence under FRE 1005.

### (b) Analysis under FRE 902(4) and 1005

U.S. Bank argues that it satisfied FRE 902(4) because "[a]s an officer of the Court, counsel for U.S. Bank testified, under [FRBP] 9011, and under penalties of perjury, that the sheriff sale occurred on January 6, 2022 and that the deed attached to the Motion was a true and correct copy, which was recorded on June 2, 2022 in Morris County." *Dkt. No.* 73 at 2. *See also Dkt. No.* 75 at 2. However, that argument confuses FRE 902(4) 's certification requirement with the necessary "certification" that accompanies all representations to the Court under FRBP 9011. First, a representation or statement subject to FRBP 9011 is not made under penalties of perjury. Further, there was no certification made under penalties of perjury that was submitted on behalf of U.S. Bank in support of the Stay Relief Motion by any of its officers or attorneys. Thus, counsel's FRBP 9011 representation does not satisfy FRE 1005 and 902(4) 's certification requirement.

Additionally, as was discussed above, FRE 902(4)(A) allows "the custodian or another person authorized" to make the necessary certification. Besides emphasizing "another person authorized to make the certification" when quoting FRE 902(4)(A) and referring to FRBP 9011, U.S. Bank's Response and Reply lack any explanation or legal authority for how it or its counsel may be "the custodian or another person authorized" to make the certification. *Dkt. Nos.* 73 at 2; 75 at 1. Considering the authority cited above as to who may be the "custodian or another person authorized to make the certification" under FRE 902(4)(A), U.S. Bank's mere possession of the Copy of the Deed and "certification" based on its representations under FRBP 9011 does not constitute the authority to make the necessary certification. Accordingly, the Copy of the Deed may not be properly admitted under FRE 902(4). This leaves for the Court's consideration the Supplemental Copy of the Deed, which is addressed in the next section.

*2. U.S. Bank's Supplemental Copy of the Deed*

The Supplemental Copy of the Deed is different and may properly come into evidence under FRE 902(4). First, as noted by the District Court in its February 12, 2024 Order, a Deed may be an official record or document that was recorded in a public office. *District Ct. Dkt. No.* 11 at 2 *citing Gagliardi v. Kratzenberg*, 188 F. App'x 86, 87 fn. 3 (3d Cir. 2006); 2 MCCORMICK ON EVIDENCE § 240 n. 1 (8th ed. 2020); *Amoco Prod. Co. v. U.S.*, 619 F.2d 1383, 1389-90 (10th Cir. 1980). *See also In re Rainwater*, 2013 WL 5591924 at *2 (Sept. 18, 2013) (a certified copy of a Security Deed was a self-authenticating record properly admissible under FRE 902(4) because the Security Deed was authorized to be recorded and actually recorded in the subject county and certified as a correct copy by the county's custodian of records); *Pinson v. JP Morgan Chase Bank, Nat. Ass'n*, 646 F. App'x 812, 815 (11th Cir. 2016) (copy of the mortgage was properly certified by custodian as self-authenticating under FRE 902(4)).

Unlike the Copy of the Deed originally submitted in support of the Stay Relief Motion, the Supplemental Copy of the Deed includes a certification from the Morris County Clerk, the custodian for the Sheriff's Deed, who has legal custody of the Sheriff's Deed and is authorized to record it under the New Jersey Revised Statutes ("N.J.S.A.").[2] Thus, the Supplemental Deed satisfies FRE 902(4)(A) and is admissible under FRE 1005 and 902(4). In fact, Mr. Bustos

---

[2] *See* N.J.S.A. 40A:9-73, 80, 87 (county clerk may perform duties of commissioner of deeds and, when there is no register of deeds and mortgages in a county, the office of register of deeds and mortgages shall be consolidated with the office of county clerk); N.J.S.A. 46:26A-2, 6 (identifying deeds and mortgages as documents entitled to recording and providing that the county recording officer has the duty to record properly submitted documents affecting the title to real property located in the county). *See also* About, OFFICE OF THE MORRIS COUNTY CLERK, https://www.morriscountyclerk.org/About (last date visited June 11, 2024) (duties of the Morris County Clerk "include the recording and maintenance of every conveyance of real property such as deeds, mortgages, . . . and other related legal documents").

candidly acknowledged that he did not have any argument that the Supplemental Copy of the Deed failed to satisfy the requirements of FRE 902(4). Further, as noted above, there is no doubt that the Sheriff's Sale did in fact occur on January 6, 2022, and that the Property was sold to U.S Bank at that time.

### 3. The Court's Basis for Granting the Stay Relief Motion

The Court also wishes to clarify that in granting U.S. Bank's Stay Relief Motion, this Court did not rely exclusively on the Copy of the Deed submitted with the Motion. The Court also considered the statements and representations made by U.S. Bank's counsel in the Motion (subject to the requirements of FRBP 9011) that: (i) the Sheriff's Sale of the Debtor's Property took place on January 6, 2022; (ii) U.S. Bank is the record owner of the Property as the result of its purchase of the Property at the Sheriff's Sale; and (iii) that a true and correct copy of the Sheriff's Deed, which was recorded in Morris County, was attached to the Motion. *Dkt. No.* 66 at 3-4.

Besides his argument that the Copy of the Deed should not have been admitted into evidence (which argument was made late, as it was not submitted until the day of the hearing), the Debtor did not offer any other argument or opposition to the Stay Relief Motion. As a result, the Court granted the Motion on the basis of totality of the evidence submitted by U.S. Bank, as buttressed by the requirements of FRBP 9011 and the lack of any contrary evidence offered by the Debtor.[3] *See Id.* at 3 ln. 13 to 7 ln. 10. In this regard, the Court notes that the Debtor bears the burden of proof on all issues on Motions to Lift the Automatic Stay, except as to whether the

---

[3] It does not appear that the District Court had a copy of the Transcript of the November 17, 2022 hearing on the Stay Relief Motion when it entered the Remand Order on March 26, 2024. In fact, this Court's docket reflects that the Transcript was not filed until March 27, 2024. *Dkt. No.* 66.

Debtor has any equity in the Property, which was not at issue on this Stay Relief Motion. *See* 11 U.S.C. § 362(g). The Debtor did not meet that burden.

## Conclusion

For the reasons discussed above, this Court answers the two questions in the Remand Order as follows: (i) the Copy of the Deed did not properly come into evidence on the Stay Relief Motion because the Copy of the Deed was not properly certified as required by FRE 1005 or 902(4) and (ii) the Supplemental Copy of the Deed may properly come into evidence under FRE 902(4) because it contains the required certification made by the custodian of the records for the Sheriff's Deed. Accordingly, the Supplemental Copy of the Deed is admitted as evidence and the record on the Stay Relief Motion is supplemented to include this document. Further, the Court found that the other, unrebutted evidence presented by U.S. Bank in support of its Stay Relief Motion was sufficient to grant that Motion, even though the Copy of the Deed was not admissible.

**IT IS SO ORDERED** this 12th day of June, 2024.

_____
Honorable Vincent F. Papalia
United States Bankruptcy Judge

cc: United States District Court, Michael E. Farbiarz, U.S.D.J.
    Mr. Jorge Enrique Bustos
    Danielle Boyle-Ebersole, Esq.